## UNITED STATES *v.* CUDDY.

*(District Court, S. D. California.    August 26, 1889.)*

**PERJURY—INDICTMENT.**

An indictment for perjury which charges that defendant took an oath before Judge R. in the United States district court, in open court, which oath was administered by the duly-authorized clerk, who had authority to administer the oath, in a matter then pending, that he would tell the truth, and that he did willfully and corruptly swear to material matter which is set out in the indictment, is sufficient under Rev. St. U. S. § 5392, declaring such a person swearing to any material matter which he does not believe to be true to be guilty of perjury, and section 5396, providing that it shall be sufficient to set forth the substance of the offense charged, and by what court, and before whom the oath was taken, with proper averments to falsify the matter wherein the perjury is assigned.

On indictment for perjury.

*A. W. Hutton,* U. S. Atty.

Ross, J.    The question in this case is as to the the sufficiency of the indictment, which charges that defendant, at a certain time and place, within the jurisdiction of this court—

"After having taken an oath before the Honorable E. M. Ross, judge of said court,—which oath was administered to the said Cuddy in open court on said day by E. H. Owen, the duly-appointed, qualified, and acting clerk of said court, he, the said Owen, as such, being then and there a person having competent authority to administer said oath,—that in the matter then and there pending, entitled 'In the Matter of the Contempt of Thomas J. Cuddy,' he would tell the truth, the whole truth, and nothing but the truth, then and there willfully, falsely, corruptly, and contrary to such oath, did state certain material matter in his testimony then and there adduced, in open court as aforesaid, at the time and in the manner aforesaid, being in words and substance as follows, to-wit: 'I didn't know that Mr. McGarvin, or any other gentleman in particular, would be called on this occasion. (Meaning the trial of the case of the United States vs. W. More Young, which was a criminal cause pending against the said Young in the said court, and set for trial for February 12, 1889.) I never dreamed that he was to be a juryman, and don't now. (Meaning a juror in the cause last-above named.) I didn't know Mr. McGarvin was a juror. Didn't know anything about it. Didn't give the matter a thought. (Meaning that he, the said Cuddy, didn't know that the said McGarvin was a petit, to-wit, a term-trial, juror in said court at the time and at the place first above named.) I had no idea that Mr. McGarvin was one of them at this time. I didn't know anything about it.' (Meaning, by the words 'one of them,' one of the term-trial jurors duly impaneled and sworn in the said court, as aforesaid.) Whereas, in truth and in fact, the said Thomas J. Cuddy did know that the said Robert McGarvin was a petit, to-wit, a term—

trial, juror duly impaneled and sworn in said court, at all the times hereinbefore recited: and so the jurors aforesaid, upon their oath aforesaid, do say that the said Thomas J. Cuddy, on the said 13th day of February, in the year of our Lord one thousand eight hundred and eighty-nine, in the said city of Los Angeles, county and state and district aforesaid, in the United States district court within and for the district of California, in open court as aforesaid, before the said E. H. Owen, being then and there a competent person to administer said oath, the laws of the United States authorizing said oath to be administered in said matter, by the said Thomas J. Cuddy's own act and consent, in manner and form as aforesaid, did commit willful and corrupt perjury."

The United States statute defining perjury is as follows:

"Every person who, having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed is true, willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true, is guilty of perjury, and shall be punished" in a prescribed way. Rev. St. § 5392.

And section 5396 of the Revised Statutes provides that—

"In every presentment or indictment prosecuted against any person for perjury, it shall be sufficient to set forth the substance of the offense charged upon the defendant, and by what court, and before whom the oath was taken, averring such court or person to have competent authority to administer the same, together with the proper averment to falsify the matter wherein the perjury is assigned, without setting forth the bill, answer, information, indictment, declaration, or any part of any record or proceeding, either in law or equity, or any affidavit, deposition, or certificate, other than as hereinbefore stated, and without setting forth the commission or authority of the court or person before whom the perjury was committed."

The last section is in substance the same as the enactment of 23 Geo. II. c. 11, which was designed to do away with the needless prolixity and precision required by the statute of 5 Eliz. c. 9, which oftentimes resulted in the escape of those guilty of the crime of perjury. The averments in a case of this character are, as said by Mr. Bishop, necessarily of two classes,—those which disclose a foundation for the commission of the offense commonly called inducement, and those which charge the offense itself. The latter, being that whereof the defendant is accused, must be direct and specific; but the former may be charged in general terms. 2 Bish. Crim. Proc. § 901 *et seq.* But, while the matter of inducement may be generally stated, the allegations respecting it must be sufficient to show that the oath was taken before a competent tribunal, officer, or person, and in a case in which the laws of the United States authorizes the oath to be taken. Where, as in the present case, the false swearing is alleged to have been committed in a matter or proceeding in open court, the allegations must be sufficient to show that the matter or proceeding was one in which the court was competent to act. To hold otherwise would be to hold that false swearing, in a matter or proceeding of which the court had no jurisdiction, constitutes perjury, which cannot be affirmed. 2 Bish. Crim. Law, § 1020; 2 Whart. Crim. Law, § 1288

*et seq.;* 2 Bish. Crim. Proc. §§ 905, 910, and numerous cases cited in the note to the case of *State* v. *Shupe,* 85 Amer Dec. 485.

Now, looking at the indictment, it is seen that it charges that at a certain named time and place, within the jurisdiction of this court, the defendant took an oath in the United States district court—which oath was administered to him in open court by E. H. Owen, the duly-appointed, qualified, and acting clerk of said court, and who was then possessed of competent authority to administer it—that in the matter then pending in said court entitled "In the Matter of the Contempt of Thomas J. Cuddy," he would tell the truth, the whole truth, and nothing but the truth, then and there willfully, falsely, corruptly, and contrary to such oath, did state certain material matter in his testimony then and there adduced, which is specifically set out in the indictment. The materiality of the testimony is sufficiently alleged, and the allegation falsifying the alleged material matter is also sufficient. I see no force in the suggestion that there is no allegation that defendant swore falsely to a material matter which he did not believe to be true. The allegation is that he willfully and corruptly swore to material matter which he knew to be false. He could not believe to be true that which he knew to be false. If there was nothing further in the indictment to show that the matter in which the alleged false swearing was committed, was one of which the court had jurisdiction, than the allegation that the alleged false testimony was given in a matter then pending in the district court, entitled "In the Matter of the Contempt of Thomas J. Cuddy," I would be inclined to think the indictment fatally defective; but the indictment does further aver that the laws of the United States authorized said oath to be administered in said matter. Since all of this, as has been seen, is matter of inducement, and may be stated generally, and since the court must have jurisdiction over a matter pending therein in which the laws of the United States authorizes an oath to be administered, I am of opinion that the indictment does sufficiently show that the court had jurisdiction of the matter in which the perjury is alleged to have been committed. Demurrer overruled.